ANDREW GILHOOLY, as General Assignee for Benefit of Creditors of JAMES GRANGE, Respondent, *v.* AMERICAN SURETY COMPANY, Appellant.

*Suit by an assignee for creditors — defense that the assignment was fraudulent — bill of particulars required of defendant — facts required to be stated therein.*

In an action brought by an assignee for the benefit of creditors to recover dam-
ages for the unlawful seizure of personal property belonging, as alleged, to
him as such assignee, the answer denied that the assignor had set over to plain-
tiff all his property, and alleged that the assignment was made with intent to
delay and defraud creditors, and particularly a certain bank, which was the real
party in interest.    It appeared by the plaintiff's affidavit that the assignor had
fled from the State and that the assignee was ignorant of his whereabouts,
and further that the assignment contained preferences.

*Held,* that the defendant should be compelled to state by a bill of particulars
whether it claimed that the assignment was void on account of fraudulent pref-
erences, in which case it should state the preferences ; or whether the alleged
fraud consisted in the failure of the assignor to transfer all his assets to the
plaintiff, in which case the defendant must particularize the assets withheld ;
or if both these grounds of fraud were assigned then the defendant should
state all the particulars above specified.

APPEAL by the defendant, the American Surety Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of April, 1895, ordering a bill of particulars of the specific acts of James Grange, assignor of the plaintiff, which the

defendant intended to prove upon the trial of the action as showing that an assignment made by said Grange to the plaintiff was intended to hinder, delay and defraud creditors, and particularly the Franklin National Bank of the city of New York.

The action was brought by the plaintiff to recover damages for an unlawful seizure of personal property belonging to the plaintiff, as assignee for the benefit of creditors of James Grange. It was brought first against the sheriff who levied under a judgment recovered against Grange by the Franklin National Bank. At the instance of the latter the American Surety Company indemnified the sheriff and was substituted as defendant.

The answer denied that Grange transferred to the plaintiff all his property and assets of every kind. It also alleged that the said assignment was made by the said James Grange with intent to delay, hinder and defraud his creditors, and particularly to delay, hinder and defraud the Franklin National Bank of the city of New York, and that said assignment was and is altogether void as against the said Franklin National Bank and the other creditors of the said Grange, and that the title to the property mentioned in paragraph II of the complaint never passed to the plaintiff, but that said property remained the property of James Grange.

The plaintiff alleged in his own affidavit that said assignment was made and delivered to deponent by said James Grange on the 19th day of June, 1893, on or about the same date the said Grange fled from the State of New York to avoid criminal prosecution for a number of forgeries for over $50,000 in amount, alleged to have been committed by him, and since June 19, 1893, deponent has not seen the said Grange, and ever since said date said Grange has concealed himself and still conceals himself in some place to deponent unknown, with the intention, as deponent verily believes, of never returning to the State of New York. Deponent has no knowledge whatsoever of his whereabouts.

Deponent further says that said general assignment was a preferential one, the preferred claims being five in number, and exceeding $20,000 in amount.

*J. C. Ross,* for the appellant.

*Ernest Hall,* for the respondent.

PER CURIAM:

The defendant should not be required to specify its evidence, but enough of the particulars should be given to prevent surprise upon the trial. In that connection we think the defendant should state whether it claims the assignment to be void on account of fraudulent preferences, in which case it should state what preferences are claimed to be fraudulent; or, if the alleged fraud consists in the failure of the assignor to transfer all his assets to the plaintiff, in that event the defendant should particularize what property, if any, it expects or intends to prove on the trial was withheld by the assignor from the assignee; and if on both grounds, then all the particulars above specified should be given.

Order, as so modified, affirmed, without costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order, modified, as directed in opinion, and affirmed as modified, without costs.